## CIRCUIT COURT OF FAIRFAX COUNTY

Hussain

v.

Kordella

August 17, 1994

Case No. (Law) 122529

BY JUDGE RICHARD J. JAMBORSKY

This matter comes before the Court on Plaintiff's Motion to Amend so as to claim punitive damages. After careful review of the facts and consideration of argument, the Court denies the Motion to Amend.

The question before the Court is whether the conduct of the Defendant, driving while aware of his epilepsy, is such an intentional, wanton and reckless disregard for the safety of others so as to allow an award of punitive damages for an automobile accident. In support of the Motion to Amend, the Plaintiff cites the deposition of the Defendant in which the Defendant stated that his treating physician advised him to contact DMV and check whether there might be any restriction imposed on his driving license because of his epileptic condition. The Defendant admits that he had a history of seizures and that he never consulted DMV. Plaintiff cites the opinion of Judge Stevens in *Rinaldi v. Nguyen*, 29 Va. Cir. 44 (1992), which held the conduct of a driver with knowledge of defective brakes to be sufficient to withstand a demurrer to punitive damages.

The Defendant contends that, at most, one might argue that his conduct in driving while he was feeling ill was gross negligence but could not be considered willful or wanton negligence. *Griffin v. Shively*, 227 Va. 317 (1984); *Booth v. Robertson*, 236 Va. 269, 273 (1988). Defendant further cites *Hack v. Nester*, 241 Va. 499, 507 (1991), in which the Virginia Supreme Court held as a matter of law that the facts did not support a claim for punitive damages when the defendant driver had two prior convictions for driving under the influence, was drinking on the day of the

accident, and was operating the vehicle at night on the left side of the highway.

After review of the applicable precedent, the Court concludes as a matter of law that the facts in this case are not such egregious and willful conduct as to support a claim for punitive damages. Accordingly, the Motion to Amend is denied.